UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101,<br><br>                    Plaintiff,<br><br>   vs.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION<br>100 F Street, NE<br>Washington, DC 20549,<br><br>                    Defendant. | Civil No. |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. Plaintiff Robbins Geller Rudman & Dowd LLP ("Plaintiff" or "Robbins Geller") seeks injunctive and other appropriate relief to compel Defendant, the United States Securities and Exchange Commission (the "SEC"), to disclose, as detailed more fully below, documents and communications produced to the SEC by OvaScience, Inc. n/k/a Millendo Therapeutics, Inc. ("OvaScience" or "Company"), its former agents or employees, or third parties associated with OvaScience. The SEC has improperly withheld these records from Plaintiff following its lawful request.

## JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U.S.C. §552(a)(4)(B).

## PARTIES

3. Plaintiff Robbins Geller is a national law firm consisting of over 200 attorneys, with offices in nine cities, including, Washington, DC, Melville, NY, San Diego, CA, San Francisco, CA, and Boca Raton, FL. Plaintiff requested the withheld records from the SEC. Plaintiff is currently serving as lead counsel for lead plaintiff Freedman Family Investments LLC in a proposed class action against OvaScience, former officers Michelle Dipp, M.D., Ph.D., Jeffrey E. Young, Richard Aldrich, and venture capitalist investment funds Longwood Fund, L.P. and Longwood Fund GP, LLC, *Dahhan v. OvaScience, Inc.*, No. 1-17-cv-10511-IT (D. Mass.), arising out of the same subject matter as Plaintiff's FOIA request.

4. Defendant SEC is a Department of the Executive Branch of the United States Government with its headquarters located in Washington, D.C. The SEC is an agency within the meaning of 5 U.S.C. §552(f).

## RELEVANT NON-PARTY

5. Non-party OvaScience was a Delaware corporation with its principal executive offices located in Waltham, Massachusetts. On December 7, 2018, OvaScience concluded a reverse merger with – and, in turn, became – Millendo Therapeutics, Inc. Prior to the merger, the Company's common stock traded on The Nasdaq Global Market ("NASDAQ") under the ticker symbol "OVAS." Beginning on December 10, 2018, the Company commenced trading on NASDAQ under the ticker symbol "MLND."

**FACTS**

6.   OvaScience is a fertility company founded to develop and commercialize fertility treatments utilizing egg precursor or "EggPC" cells to improve egg health and "revolutionize" in vitro fertilization ("IVF").  The Company developed a treatment known as AUGMENT, which involved harvesting mitochondria from a woman's EggPC cells and injecting them into her egg at the time of IVF in order to supplement the energy level in the egg and to address problems caused in the development of newly formed embryos by inadequate energy in the cell division process.

7.   The Company first sought to launch AUGMENT in the United States; however, as soon as it received scrutiny from the Food and Drug Administration for failing to file an investigative new drug application for the treatment, the Company discontinued its efforts to study and commercialize AUGMENT in the United States and shifted its efforts to commercializing AUGMENT internationally.  OvaScience partnered with select international IVF clinics, known as AUGMENT Centers of Excellence or "ACE" clinics, offering them initial cycles of the treatment for free.  Although such initial cycles of AUGMENT would not generate revenue, OvaScience planned to demonstrate the treatment's efficacy, to subsequently convert the initial IVF clinics into commercial centers (*i.e.*, requiring patients to pay for AUGMENT), and to eventually expand the commercial use of AUGMENT globally.  By the end of 2014, the Company projected that 40 to 60 free AUGMENT cycles would be in progress and that the Company would have begun charging for treatments.

8.   During OvaScience's first Investor Day, the Company announced that it had initiated 150 free cycles through its ACE clinics.  While OvaScience did not disclose the results from these free treatments, it used them as a basis to announce that OvaScience expected to have 1,000 commercial (*i.e.*, revenue generating) cycles of AUGMENT in progress by the end of 2015. The price for the treatment would be $15,000 to $25,000 with clinics charging patients an

additional amount, which would be on top of a patient's costly IVF cycle. Thus, OvaScience created the false impression that the data it had amassed through the free treatment cycles and ACE partnerships indicated that AUGMENT was safe and effective and that there was significant patient demand for the treatment despite its cost. In short, OvaScience led investors to believe that AUGMENT was in demand and would be commercially viable and revenue generating.

9. OvaScience's first clinical results of the AUGMENT treatment were revealed at the Society for Reproductive Investigation's Annual Meeting on March 26, 2015. The Company also provided the market abstracts of this data. A closer analysis of the data undertaken by the Southern Investigating Reporting Foundation on April 6, 2015, revealed that the results may have actually represented a lower pregnancy success rate than typically achieved with IVF for a similar age group as reported by Center for Disease Control ("CDC") data. And, without any controls, the market questioned whether the AUGMENT results were meaningful and whether the Company would be able to sell the treatment at its high price tag, further challenging the Company's ability to commercialize AUGMENT.

10. Faced with inconclusive results, OvaScience repeatedly affirmed that it was on track to achieve the 1,000-cycle target – conveying to the market that internal data supported both the success of the treatment and demand sufficient to support achievement of the 1,000 cycles. However, on September 28, 2015, OvaScience disclosed that it would not achieve the 1,000-cycle target it had repeatedly affirmed. Moreover, OvaScience admitted that the Company had initiated only approximately 35 commercial cycles of AUGMENT – most of which had been initiated in September. This was an acknowledgement that the Company had initiated very few cycles between January and August, there was no significant demand for the treatment, its commercial prospects were dubious, and earlier assurances that the Company was on track to achieve 1,000 commercial treatment cycles were invalid.

**PLAINTIFF'S FOIA REQUEST, APPEAL, AND DEFENDANT'S RESPONSES**

11.     On August 28, 2019, Plaintiff filed a FOIA request with the SEC seeking non-privileged documents relating to "the SEC's investigation(s) into OvaScience, Inc. or its former officers, directors, or employees."  *See* Plaintiff's FOIA Submission dated August 28, 2019 (attached hereto as Exhibit A).

12.     By a letter dated September 30, 2019, the SEC acknowledged receipt of Plaintiff's request and assigned it Request No. 19-03009-FOIA.  *See* SEC Letter dated September 30, 2019 (attached hereto as Exhibit B).  In the letter, FOIA Branch Chief Lizzette Katilius, advised Plaintiff that the request was denied based on FOIA exemption 5 U.S.C §552(b)(7)(A) which "protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities."  Furthermore, the letter advised Plaintiff of its right to appeal the decision to the SEC's General Counsel under 5 U.S.C. §552(a)(6), 17 CFR §200.80(f)(1).

13.     On October 25, 2019, within the applicable 90-day appeals period, Plaintiff submitted its appeal, addressed to the General Counsel for the SEC for the denial of Request No. 19-03009-FOIA.  Plaintiff challenged Exemption 7(A) identified in the SEC's denial.

14.     On October 28, 2019, the Office of FOIA Services acknowledged receipt of the appeal and assigned it Appeal No. 20-00022-APPS.  *See* SEC Letter dated October 28, 2019 (attached hereto as Exhibit C).

15.     By letter dated November 22, 2019, Richard M. Humes, Associate General Counsel of the SEC, informed Plaintiff that after consideration the appeal it was denied. *See* SEC FOIA Appeal Denial Letter dated November 22, 2019 (attached hereto as Exhibit D).  The SEC once again asserted Exemption 7(A), stating "that releasing the withheld information could reasonably be expected to interfere with on-going enforcement proceedings."

16. Nevertheless, Plaintiff has a right of access to the requested records under 5 U.S.C. §552(a)(3)(A).  The SEC has wrongfully withheld the requested documents because none of the requested documents fall within Exemption 7(A) or any other applicable exemption.  Plaintiff solely seeks: (i) non-privileged communications by, among, or between the Company, its agents or employees, third parties, or the SEC produced in response to a subpoena from the SEC relating to its investigation into OvaScience; (ii) non-privileged documents produced by the Company, its agents or employees, or any third party in response to a subpoena from the SEC relating to its investigation into OvaScience; and (iii) transcripts of testimony or deposition testimony (including all associated exhibits) from the SEC's deposition of OvaScience's current or former employees or any individuals or entities deposed during the investigation.  It is Plaintiff's position that any applicable privilege or protection under Exemption 7(A) or otherwise has been waived due to the prior production of this information to non-protected parties such as the SEC.

17. Further, whenever an agency determines that a portion of its records should be withheld under one of the FOIA exemptions, the agency must release to the public any portion of the record that contains "reasonable segregable" non-exempt information.  *See* 5 U.S.C. §552(b).  Here, the SEC has improperly withheld all documents.

18. Timely disclosure of the requested information is imperative given that the records at issue are of significant public interest and concern.  Plaintiff seeks the requested information in furtherance of investor protection through pending class action litigation.  More specifically, Plaintiff requests this information to assist investors in OvaScience common stock prosecute their securities claims in litigation currently pending in the District of Massachusetts against OvaScience, its former officers, and venture capitalist investment funds, for their violations of the federal securities laws.

19.     The SEC advised Plaintiff of Plaintiff's right to judicial review in this Court in the letter dated November 22, 2019.  *See* Exhibit D.

## CLAIM FOR RELIEF

20.     Plaintiff repeats and re-alleges paragraphs 1-19 in this Complaint as though fully set forth herein.

21.     Plaintiff has exhausted all administrative remedies and all conditions precedent have otherwise been satisfied to process its FOIA request.

22.     Defendant has wrongfully withheld the requested records from Plaintiff, in violation of 5 U.S.C. §552.  Further, even if any records fall within Exemption 7(A) or any other exemption, Defendant has failed to provide "[a]ny reasonably segregable portion" of those records as required by 5 U.S.C. §552(b).

23.     Plaintiff is entitled to injunctive relief and other appropriate relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

Wherefore, Plaintiff prays that this Court:

A.     Order Defendant to disclose the requested records and make copies available to Plaintiff;

B.     Alternatively, if any records fall within any exemption, order Defendant to disclose portions of those records as required by 5 U.S.C §552(b);

C.     Provide for expeditious proceedings in this action;

D.     Award Plaintiff its costs and reasonable attorneys' fees incurred in this action under 5 U.S.C. §552(a)(4)(E); and

- 8 -

E.	Grant such other relief as the Court may deem just and proper.

DATED: June 11, 2020	ROBBINS GELLER RUDMAN & DOWD LLP
STEPHEN R. ASTLEY
(DC Bar No. 468395)

*s/ Stephen R. Astley*
STEPHEN R. ASTLEY

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Attorney for Plaintiff